IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| EARL JACKSON, | ) | |
| Movant, | ) ) ) | |
| v. | ) ) | Civil No. 4:14-CV-0575-DGK |
| | ) ) | Crim. No. 4:11-CR-00149-DGK |
| UNITED STATES OF AMERICA, | ) ) | |
| Respondent. | ) | |

### ORDER DENYING MOTION FOR POSTCONVICTION RELIEF AND CERTIFICATE OF APPEALABILITY

This case arises out of Movant Earl Jackson's guilty to plea to being a felon in possession of a firearm. Pending before the Court is Movant's pro se "Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody" (Civ. Doc. 1).[1] Finding Movant's arguments are without merit and an evidentiary hearing is unnecessary, the Court denies the motion and declines to issue a certificate of appealability.

**Factual Background and Procedural History**

As the Government's statement of facts accurately summarizes the record documents, the Court essentially adopts the majority of the factual and procedural background facts from the Government's Suggestions in Opposition (Civ. Doc. 5).

On July 12, 2011, a grand jury empaneled in the Western District of Missouri returned a one-count indictment charging Jackson with being a felon in possession of a firearm, a violation of 18 U.S.C. § 922(g)(1) (Crim. Doc. 1). The indictment also designated Movant as an armed

---

[1] Throughout the opinion, references to civil case documents will be "Civ. Doc.___" while references to criminal case documents will be "Crim. Doc.___."

career criminal ("ACC"), making him eligible for a fifteen-year minimum sentence pursuant to the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e) (Crim. Doc. 1).

On September 10, 2012, Movant pled guilty (Crim. Doc. 52). During the plea hearing, Movant acknowledged that by pleading guilty he could face a fifteen-year statutory minimum sentence (Crim. Doc. 67 at 19). Government Counsel then apprised the Court and Movant that it *may* file a motion for a downward departure depending on the level of assistance Movant provided in solving another case (Crim. Doc. 67 at 19-20). The Court then informed Movant that the Government was under no obligation to file the motion, nor was the Court bound by any such motion (Crim. Doc. 67 at 21-22). Movant repeatedly confirmed that he understood these reservations (Crim. Doc. 67 at 22).

The United States Probation Office subsequently issued a presentence investigation report ("PSR"). The PSR suggested an advisory sentencing guidelines range of 180 to 188 months' imprisonment, and a statutory range of fifteen years' to life imprisonment (Crim. Doc. 57 at 13). To reach these figures, the PSR found Movant's prior criminal record warranted his classification as an ACC under the ACCA and the U.S. Sentencing Guidelines Manual § 4B1.4 (2011) (Crim. Doc. 57 at 6). To be classified as such, a defendant must have at least three felony convictions for either a serious drug offense or a violent felony. 18 U.S.C. § 924(e)(1). The PSR found Movant had seven separate qualifying convictions: (1) a 1974 Illinois burglary conviction, (2) a 1976 Illinois armed robbery conviction, (3) a 1983 Illinois robbery conviction, (4) a 1992 Illinois armed robbery conviction, (5) a 1992 Illinois unlawful use of a weapon conviction, (6) a 1993 Missouri burglary conviction, and (7) a 1993 Illinois burglary conviction (Crim. Doc. 57 at 6). Neither party filed objections to the PSR.

The case proceeded to sentencing on July 3, 2013 (Crim. Doc. 62). Both the Government and Movant's counsel ("Defense Counsel") requested the statutory minimum sentence of fifteen

years' imprisonment (Crim. Doc. 68 at 3-4). Defense Counsel did not raise any objection to the PSR findings during the hearing, and Movant voiced his displeasure with Defense Counsel's failure to do so (Crim. Doc. 68 at 6-7). In particular, Movant believed that several convictions should not count towards his ACCA eligibility because they were too old (Crim. Doc. 68 at 7). Defense Counsel apprised the Court that he refused to object because no caselaw supported it, and Movant had admitted to him that he committed, and was convicted of, the three robberies (Crim. Doc. 68 at 6-7). The Court eventually sentenced Movant to 188 months' imprisonment.

Movant did not appeal, but timely filed the instant motion on June 19, 2014. The motion is now ripe for review.

## Discussion

Movant raises two grounds for relief. Movant first contends that Defense Counsel was ineffective during sentencing by refusing to challenge his classification as an ACC. Second, Movant argues that the Court should amend his sentence because the PSR erroneously failed to include a three-point reduction for acceptance of responsibility. The Court addresses each argument in turn.

### I. Defense Counsel was not unconstitutionally ineffective for failing to challenge Movant's classification as an ACC.

Movant first argues that Defense Counsel was ineffective for failing to object to the PSR's classification of him as an ACC. Movant posits that if Defense Counsel had properly investigated whether the offenses identified in the PSR actually met the requirements of "violent felonies" under the ACCA, then Defense Counsel would have discovered that several convictions did not qualify. This, according to Movant, would have spurred Defense Counsel to challenge his ACC classification, and the Court to sustain the objection. Thus, Movant

3

concludes that Defense Counsel's failure to investigate and raise this challenge was not only deficient, but also prejudicial.

To succeed on a claim of ineffective assistance of counsel, a movant must show that "(1) trial counsel's performance was so deficient as to fall below an objective standard of the customary skill and diligence displayed by a reasonably competent attorney, and (2) trial counsel's deficient performance prejudiced the defense." *Armstrong v. Kemna*, 534 F.3d 857, 863 (8th Cir. 2008) (citing *Strickland v. Washington*, 466 U.S. 668, 687-94 (1984)). Judicial review of trial counsel's performance is highly deferential, "indulging a strong presumption that counsel's conduct falls within the wide range of reasonable professional judgment." *Middleton v. Roper*, 455 F.3d 838, 846 (8th Cir. 2006). Trial counsel's "strategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable." *Strickland*, 466 U.S. at 690. Strategic choices made in the shadow of a lack of preparation or investigation, however, are not protected by the same presumption. *Armstrong*, 534 F.3d at 864.

Here, Movant fails to satisfy the deficiency prong. First, Defense Counsel was not deficient for failing to investigate whether or not Movant's three burglary convictions and one unlawful use of a weapon conviction qualified under the ACCA, because Movant's *robbery* convictions were sufficient to sustain his classification as an ACC. Where, as here, a defendant violates 18 U.S.C. § 922(g)(1), he may be eligible for a fifteen-year statutory minimum sentence if he has been convicted of three "violent felonies." 18 U.S.C. § 924(e)(1). Violent felonies include, among other things, any crime (1) punishable by a term of imprisonment exceeding one year,[2] and (2) that "has an element the use, attempted use, or threatened use of physical force against the person of another." *Id.* § 924(e)(2)(B)(i). At all times relevant, the statutes of

---

[2] Defendant does not challenge the use of his convictions on this basis.

4

conviction for robbery and armed robbery in Illinois included the use or threatened use of force as an explicit element. *See* 38 Ill. Comp. Stat. Ann. § 18-2 (1992) ("A person commits armed robbery when he or she violates Section 18-1 while he or she carries on or about his or her person, or otherwise armed with a dangerous weapon."); *Id.* at § 18-1(a) (1992) ("A person commits robbery when he takes property from the person or presence of another by the use of force or by threatening the imminent use of force."); *People v. Huntington*, 451 N.E.2d 923, 924 (Ill. App. Ct. 1983) ("A person commits robbery when he takes property from the person or presence of another by the use of force or by threatening the imminent use of force.") (quoting 38 Ill. Comp. Stat. Ann. § 18-1 (1981)); *People v. White*, 352 N.E.2d 243, 244 (Ill. App. Ct. 1976) ("The Illinois statute regarding armed robbery provides that a person commits the offense when he takes property from the person or presence of another by the use of force while armed with a dangerous weapon.") (citing 38 Ill. Comp. Stat. Ann. §§ 18-1, 18-2 (1971)). These crimes thus constitute violent felonies under the ACCA, and since Movant had three such convictions, he qualified as an ACC.[3] Thus, Defense Counsel was not deficient for allegedly failing to investigate or challenge the remaining convictions, because any such action would not have altered Movant's ACC classification.

Second, Movant appears to further argue that Defense Counsel was ineffective for failing to investigate whether court records actually corroborated the ACCA predicate offenses listed in the PSR. The Court finds that Defense Counsel was not deficient for this alleged failure. At the sentencing hearing, when Movant voiced his concerns about Defense Counsel's failure to object, Defense Counsel rationalized this perceived deficiency. Defense Counsel said he did not investigate, or raise any objection to, any of the listed convictions because Movant *admitted* the

---

[3] Although Movant argues that his convictions are too old to qualify under the ACCA, the Court finds no legal support for such an argument. *See United States v. Canton*, 464 F. App'x 551, 553 (8th Cir. 2012) ("Because Congress gave no indication that it thought there should be a time limit on ACCA predicate convictions, we decline to impose one here.").

5

Case 4:14-cv-00575-DGK   Document 8   Filed 01/05/15   Page 5 of 8

three robbery convictions to him. *See* (Doc. 68 at 7) ("And [of the convictions identified in] paragraph 19 [of the PSR], which [are] the ones he and I focused on, he *admitted* the robberies to me. And again, he just asked that I point out to the Court that the age of these would demonstrate that they are in some cases more than 20 years old." (emphasis added)). And Movant does not now deny that he admitted the robberies to Defense Counsel. Thus, Defense Counsel cannot be deficient for failing to do something that his client insinuated was futile.

Because Movant has failed to establish that Defense Counsel performed deficiently, he cannot succeed on his ineffective assistance of counsel claim.

## II. Movant is foreclosed from raising his argument about an alleged sentencing guidelines miscalculation.

As his second ground for relief, Movant contends that the Court miscalculated his guidelines range. According to Movant, the Court should have allotted him a three-point reduction for acceptance of responsibility. The Court finds this contention wholly without merit.

As a threshold matter, claims aimed at rectifying an alleged guidelines miscalculation are not cognizable under § 2255 unless they represent a "miscarriage of justice." *See Sun Bear v. United States*, 644 F.3d 700, 704 (8th Cir. 2011). A miscarriage of justice only occurs when the guidelines application error results in an illegal sentence, that is, one that exceeds the statutory authority. *Id.* at 705. Such is not the case here because even assuming that the Court failed to apply the three-point reduction, Movant's 188-month prison sentence is still well below the maximum sentence of life imprisonment. *See United States v. Gray*, 581 F.3d 749, 751 (8th Cir. 2009) (noting that the maximum sentence for an ACC is life imprisonment).

In any event, Movant's argument is substantively without merit. The PSR shows that Movant in fact received a three-point reduction for acceptance of responsibility pursuant to U.S. Sentencing Guidelines Manual § 3E1.1(a). *See* (Crim. Doc. 57 at 6) (reducing total offense level

by three points for acceptance of responsibility). Thus, even were the Court inclined to reach the merits of Movant's contentions, he still would not succeed on his ground two claim.

### III. No evidentiary hearing is required or will be held.

"A petitioner is entitled to an evidentiary hearing on a section 2255 motion unless the motion and the files and records of the case conclusively show that he is entitled to no relief." *Anjulo-Lopez v. United States*, 541 F.3d 814, 817 (8th Cir. 2008) (internal quotation marks omitted). The Court need not hold a hearing, however, if (1) the petitioner's allegations, accepted as true, would not entitle him to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact. *Sanders v. United States*, 341 F.3d 720, 721 (8th Cir. 2003).

As discussed above, Movant's claims are either contradicted by the record, or if accepted as true, they would not entitle him to relief. Consequently, no evidentiary hearing is required or will be held.

### IV. No certificate of appealability should be issued.

In order to appeal an adverse decision on a § 2255 motion, a movant must first obtain a certificate of appealability. *See* 28 U.S.C. § 2253(c)(1)(B). District courts customarily address this issue contemporaneously with the order on the motion. *See Pulliam v. United States*, No. 10-3449-CV-S-ODS, 2011 WL 6339840, at *4 (W.D. Mo. Dec. 16, 2011).

A certificate of appealability should be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requires the movant to demonstrate "that reasonable jurists could debate whether (or for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 464 U.S. 800, 893 n.4 (1983)). In the

present case, the Court holds no reasonable jurist would grant this § 2255 motion, so the Court declines to issue a certificate of appealability.

## Conclusion

For the reasons discussed above, the motion (Civ. Doc. 1) is DENIED and the Court declines to issue a certificate of appealability.

**IT IS SO ORDERED.**

Date:   January 5, 2015                            /s/ Greg Kays
                                                                           GREG KAYS, CHIEF JUDGE
                                                                           UNITED STATES DISTRICT COURT